Labauve, J.
This is an injunction suit brought by George Ingram, a resident of the parish of St. Tammany, who alleges that h'e has his residence and place of business on the hank of the Bogue Palia river, about one mile north of.the town of Covington in the said parish; that he is engaged in manufacturing brick for sale, and in shipping thorn down said river to the city of New Orleans. That said river is navigable up to said'point, and even beyond for ordinary vessels, flats and small size steamboats usually navigating Lake Pontchartrain, and is by the laws of the land a common highway. That said river being obstructed from the point leading from the corporation line of said town of Covington, and its free navigation being prevented thereby, said obstructions were removed in order that petitioner might exercise lvs right to navigate said stream.' That he believes and fears that the Police Jury *227 of the parish of St, Tammany, through its officers and employés, are in the act of constructing across said river, at said point, a low bridge, which, if completed, will prevent the navigation of said river. ' That he entertains said fear from the fact that they have ordered the overseer of the road crossing the river at said point to construct said bridge. That if said bridge is erected, it will damage petitioner ip the sum of at least three, thousand dollars. That the acts of said Police Jury are illegal, and that an injunction is necessary to protect petitioner’s rights. Prays that said parties be enjoined from constructing said bridge, or obstructing the navigation of said river. The clerk issued an injunction in accordance with the prayer of petitioner.
Tlie defendants, in their answer, deny all the allegations contained in plaintiff's petition, and pray for a trial by jury. The defendants plead prescription of ten, twenty and thirty years. ,
The jury found a verdict in favor of the defendants, and the Court gave judgment accordingly, dissolving the injunction provisionally granted, at the costs of the plaintiff, who appealed.
It appears that there was formerly a bridge on the bayou or river in question, at the place mentioned in the petition, and that the defendants were about to reconstruct the same when they were enjoined from rebuilding it. That the ruins of the bridge in controversy, are about ten feet scant above the water, and that the bridge would form an obstruction to the navigation of the stream for boats and vessels of ordinary class, which could not pass at all.
If this bayou or river be navigable, the defendants have no right to build the contemplated bridge, unless it be erected on such a plan that it will not obstruct the free navigation of said river.
Captain John Thompson, testified:
“He is captain of the steamer Aurora, running from the Sulphur Snring to New Orleans, carrying bricks: The Sulphur Spring is oh the Bayou Ealia river in the parish of St. Tammany. This Steamer runs above that point and place to the brick-yard of plaintiff. The Aurora carries 20,000 bricks; her tonnage is forty-five tons registered; where the brick-yard is, the channel is about twenty feet wide in low-water, and about thirty feet in high-water; the. draft of this boat is four feet, loaded;, he has been running this boat a month and has made regular trips from the brick* ■yard to the Basin in New Orleans; from his knowledge of this river, it is navigable between the two points mentioned for vessels and small sise steamers that usually navigate Lake Ponchartrain; the br cks are manufactured for a company in New Orleans and Mr. Ingram is the foreman. Witness had already made in October, 1867, three trips, and was on his fourth; had carried between 17,000 and 18,000 bricks in low-water; there is ebb and flow in the river up to the brick-yard; generally twice a day ebb and flow; the length of the Aurora is ninety feet, breadth fourteen feet three inches.”
It appears from the testimony of other witnesses, that this Bayou Ealia lias often gone over the badge, which was carried away; that at the place of the hi'úlge, the watevs of the Bayou Ealia have risen from, lowwaier-mark, to about twenty feet perpendicular in a freshet. This *228 Bayou Falia empties into the Tohei'unota river, and the latter into Lake Ponchartrain.
The residence of plaintiff is about a mile by land from the town of Covington in St. Tammany parish.
Upon the whole, we are of opinion that this river Falia is navigable in the intendment of the law, and that no plea of prescription can avail in such a case as this, involving a thing hors de commerce and a public right. 3 N. S. 650; 18 L. 272.
It is therefore ordered and decreed that the verdict of the jury he set aside, and the judgment rendered thereupon be annulled and avoided. It is futher ordered and decreed that the injunction be made perpetual, without prejudice to the defendants’ rights to build and erect such a bridge that will not obstruct the free navigation of said river Falia; the defendants and appellees to pay costs in both courts.